UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHH MORTGAGE CORPORATION, | No. 2:14-cv-0317 JAM AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| PHILLIP K. NUGENT, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff PHH Mortgage Corporation commenced an unlawful detainer action in Sacramento County Superior Court on December 13, 2013. Notice of Removal, ECF No. 1 at 11. Defendant Phillip K. Nugent removed this action on January 31, 2014 purportedly on the basis of subject matter jurisdiction. Defendant paid the filing fee in full.

The court has a sua sponte obligation to ensure that it has subject matter jurisdiction over a case. See, e.g., Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); Maniar v. Federal Deposit Ins. Corp., 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980

1

1 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as
2 to the right of removal in the first instance."  Id.  Removal is proper only if the court could have
3 exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc.
4 v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction
5 is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
6 only when a federal question is presented on the face of the plaintiff's properly pleaded
7 complaint."  Id.

8 Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the
9 Sacramento County Superior Court.  The complaint contains a single claim for unlawful detainer.
10 In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to the
11 Protecting Tenants at Foreclosure Act of 2009 ("the Act"), 12 U.S.C. §5201.  Insofar as
12 defendant's argument is concerned, the Act provides protections to tenants who reside in
13 properties subject to foreclosure, including the requirement that a 90-day notice to vacate be
14 given to bona fide tenants.  See SD Coastline LP v. Buck, 2010 WL 4809661, at *1 (S.D. Cal.
15 Nov. 19, 2010).  Plaintiff's complaint for unlawful detainer, however, does not state claims under
16 any federal law.  Rather, defendant appears to assert that his federal rights are at issue by virtue of
17 defendant's defense to the action.[1]

18 Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-
19 party claim raising a federal question, whether filed in state or federal court.  See Vaden v.
20 Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th
21 Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);
22 Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l

---

[1] In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act.  See, e.g., Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012); Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); Aurora Loan Servs., LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010).  Additionally, federal district courts have concluded that the Act does not create a federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

Based on the foregoing, IT IS HEREBY ORDERED that the July 30, 2014 scheduling conference is vacated from calendar; and

IT IS HEREBY RECOMMENDED that this action be remanded to the Sacramento County Superior Court for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 5, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3